UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARIO C. LEDON, individually, and as
Trustee of the Ledon Family Irrevocable Gift Trust
Agreement Dated January 13, 2011,

    Plaintiff,

v.

PHELAN HALLINAN, PLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## JURY DEMAND

1.    Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendant sent a demand letter to Plaintiff which failed to comply with the mandated requirements of §1692g of the aforesaid federal statute.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Defendant resides here and conducts business from this District.

## PARTIES

3. Plaintiff, MARIO C. LEDON ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida. Plaintiff is also the Trustee of the Ledon Family Irrevocable Gift Trust Agreement Dated January 13, 2011.

4. Defendant, PHELAN HALLINAN, PLC ("Defendant"), is a Florida Limited Liability Company, engaged in the business of collecting consumer debts from offices located in Broward County, Florida.

5. Defendant shares in the operation a website which states that the law firm or related law firm "*specializes in providing loss mitigation, foreclosure, bankruptcy, REO, eviction and related services…*"

6. Federal Courts have held that dunning letters sent by law firms for an alleged arrearage with respect to a residential mortgage may fall under the purview of the FDCPA. *See generally, Reese v. Ellis, Painter, Rattertree & Adams, LLP*, No. 10-14366, 2012 WL 1500108 (11th Cir. May 1, 2012).

7. As evidenced by the subject letter, Defendant regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

8. Defendant regularly collects or attempts to collect debts for other parties; they are a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *Heintz v. Jenkins*, 514 U.S. 291 (1995).

9. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred to Plaintiff's residential mortgage company for the home in which he resides.

12. On or about November 30, 2012, Defendant sent Plaintiff a demand letter seeking to collect the above-referenced debt from Plaintiff.

13. The subject demand letter stated that Plaintiff was in financial arrears with respect to the subject residential mortgage.

14. A true and correct copy of the demand letter is attached hereto as "Exhibit A".

15. The letter was Defendant's first communication with Plaintiff with respect to the debt alleged therein.

16. The demand letter dated November 30, 2012 states in part:

> *The amount of the debt as of 09/21/2012 is as follows . . . Interest and other items will continue to accrue.*

17. Under 15 U.S.C § 1692g(a)(1) the Defendant must:

> *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— (1) the amount of the debt…*

18. Defendant's demand letter does not state the amount of the debt as of the date of the dunning letter, but instead states the amount of the debt more than two months prior, and is therefore inaccurate because interest and other items have accrued since then. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

19. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

## COUNT I
## FAILURE TO PROPERLY NOTIFY PLAINTIFF OF THE AMOUNT OF THE DEBT IN VIOLATION OF THE FDCPA

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant's demand letter misstates the applicable legal standard with regard to the amount of the debt as pronounced by section 1692g(a)(1) of the FDCPA. Defendant's demand letter would be deceptive to the least sophisticated consumer with regard to the amount of the debt and therefore violates of 15 U.S.C. § 1692g(a)(1) as well as 15 U.S.C. § 1692e(10).

22. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

23. Plaintiff is also entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant for:

    a. Statutory damages pursuant to 15 U.S.C. §1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of January, 2013.

Respectfully submitted,

SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel:   954-589-0588
Fax:   954-337-0666
scott@scottdowens.com

By: *s/Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651